# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                            **Case No. 12-C-0858**
                                                **(Criminal Case No. 05-Cr-240)**

**JESUS TELLO,**

        **Movant.**

# DECISION AND ORDER

This Decision and Order addresses the motion pursuant to 28 U.S.C. § 2255 vacate, set aside, or correct his sentence filed by pro se Movant Jesus Tello ("Tello") which is ready for resolution. Tello contends that both trial and appellate counsel were ineffective in violation of his Sixth Amendment right to counsel because neither raised the argument that, at sentencing, Tello should have been afforded a three-point reduction for acceptance of responsibility under the United States Sentencing Guidelines ("Guidelines").[1] (ECF No. 9.)

The Government concurs, indicating that the presentence report recommended a three-point reduction for acceptance of responsibility and the Court originally stated the correct Guideline range. (Gov't Resp. 3.) (ECF 5.) Requesting that the Court sentence Tello

---

[1] Pages one and two of the Court's August 29, 2012, Decision and Order refer to a two-point reduction for acceptance of responsibility. (ECF No. 4.) However, the parties are in agreement regarding a three-point reduction for acceptance of responsibility, and paragraphs 46 and 47 of the presentence report also refer to a three-point reduction.

to 108 months, the high end of 87 to 108 month Guideline-range, the Government notes the Court's initial sentence of Tello was at the high end of the Guidelines because of the violent nature of the offense and the sentences of his co-defendants. (*Id*.) (*See* Sent. Tr. 27-33.) (ECF No. 1825 (05-Cr-240).) Tello requests that his sentence be lowered to fall within the 87 to 108 month Guideline-range.

Tello has established that, with respect to sentencing, "his attorney's performance was objectively deficient – in other words, that it fell outside the wide range of competent representation – and that he was prejudiced by the subpar representation." *See United States v. Jones,* 635 F.3d 909, 915 (7th Cir. 2011)(citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)). At sentencing, Tello's attorney unreasonably failed to identify and bring to this Court's attention an error in the Guidelines calculations that resulted in a longer sentence. *See id*. at 916.

Tello's § 2255 motion is granted and the Court will adjust his sentence to fall within the proper Guideline range of 87 to 108 months. Consistent with its prior sentencing and relying on those reasons, the Court reduces Tello's sentence to 108 months. All other terms and conditions of Tello's sentence contained in the July 1, 2010, judgment (ECF No. 1788, 05-Cr-240), are unchanged.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Tello's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (ECF No. 1) is **GRANTED** to the extent that his sentence is **REDUCED to 108 months**; and

All other terms and conditions of Tello's sentence contained in the July 1, 2010, judgment (ECF No. 1788, 05-Cr-240), are unchanged.

Dated at Milwaukee, Wisconsin this 18th day of January, 2013.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa**
**U.S. District Judge**